IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD BARNETT,

Plaintiff,

v.                              CASE NO. 16-3008-SAC-DJW

STATE OF KANSAS, et al.,

Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

### ORDER ON MOTION

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for the reasons discussed below.[1]

## I.  Nature of the Matter before the Court

Plaintiff is an inmate at the Lansing Correctional Facility in Lansing, Kansas (LCF).  He filed this pro se civil rights complaint under 42 U.S.C. § 1983.  As the background for his complaint, plaintiff alleges as follows.  He was in the Unit Team Office at LCF talking to Unit Team Miss Natalie Parker and having a disagreement.  The "SORT Team showed up to secure (him)

---

[1]    Plaintiff was previously granted leave to proceed without prepayment of fees and notified that he remains obligated to pay the filing fee through payments automatically deducted from his institutional account.

from just a conversation." Plaintiff was grabbed from behind by Officer Spears when plaintiff dropped his walking cane. Plaintiff was "pushed into the door by Officers" and cuffed behind his back. He was slammed to the floor hitting his head on the concrete. Then Officer Spears and Officer Mcurry picked plaintiff up and rammed plaintiff's head into the other door of the office. While Spears and Mcurry escorted plaintiff to the clinic, they carried him and bent his handcuffed arms way past his shoulder blades and over his head. This caused plaintiff's "left hand to be numb" and he has since lost some control in his left hand and fingers. Plaintiff is also experiencing pains in his back. Plaintiff seeks compensation for his injuries and for the violation of his constitutional rights.

Plaintiff asserts that he was subjected to excessive force (cruel and unusual punishment)[2] and assault doing bodily harm. In his request for relief, he seeks 2.5 million dollars for the "total medical exspences (sic) covered," all the mental stress and anguish he has suffered and "will continue to suffer in the future," and "the pain and suffering of the abuse to (his) hand and back."

**II. Screening Standards**

---

[2]    Plaintiff also baldly asserts that a person should not be treated unequal. However, he alleges no facts or argument in support, and this claim will not be considered further.

Because plaintiff is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's

3

behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.  Discussion

Some defendants and the entire complaint are subject to dismissal for three main reasons.  First, plaintiff has either improperly or inadequately named some defendants and as a result those defendants should be dismissed from this case.  All defendants must be named in the caption of the complaint.  See Rule 10 of the Federal Rules of Civil Procedure.  The only defendant named in the caption of plaintiff's complaint is "State of Kansas."  The State of Kansas is not a proper defendant because the State is not a "person" that is subject to suit under 42 U.S.C. § 1983.  Furthermore, the State has Eleventh Amendment immunity to suit for money damages. Accordingly, this action must be dismissed as against the State of Kansas.

Elsewhere in the complaint, plaintiff adequately indicates that he also intended to named LCF Correctional Officer Spears and LCF Correctional Officer Mcurry as defendants.  He names each of these defendants in the body of his complaint and describes acts by each, which he claims amounted to unnecessary excessive force that caused plaintiff bodily harm.    The

4

complaint is therefore liberally construed as naming these two persons as defendants.

Plaintiff lists as a third defendant "U.S. State of Kansas," which he then alleges "is employed as K.D.O.C. (SORT TEAM)." The court has already discussed why the State of Kansas is not a proper defendant. Plaintiff's bald reference "employed as" SORT TEAM is not sufficient to describe another "person" as defendant. Thus, the complaint is not construed to include either "U.S. State of Kansas" or "SORT TEAM" as an additional defendant. If this case survives screening, it will only proceed against the two persons thus far adequately named as defendants: Officer Spears and Officer Mcurry.

Second, plaintiff omits some critical facts from his pleading. He does not provide the date on which the alleged incident of excessive force took place. In order "to state a claim in federal court, a complaint must explain not only what each defendant did to the pro se plaintiff but also "when the defendant did it." See *Nasious v. Two Unknown B.I.C.E. Agents, at Araphoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, although plaintiff describes acts of force used against him by each defendant, he does not adequately describe the circumstances that led to officers having to come to remove him from the UT office. He does not reveal if he

received a disciplinary report for this incident and if so on what charge. If he was found guilty of a disciplinary charge indicating that he resisted orders and force was necessary to make him comply, then he may not seek money damages based on this incident unless and until he has overturned that guilty finding. Plaintiff filed a prior excessive force claim against a Deputy Sheriff and the Sedgwick County Detention Facility that was dismissed when he failed to respond to court orders. In that case, he was advised that an Eight Amendment claim of excessive force has both an objective and subjective component, and that in order to establish the subjective component he must show that the use of force was "unnecessary and wanton." See *Barnett v. Hayes*, Case No. 14-3217, pgs. 6-7 (D. Kan. Sept. 2, 2015)(citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1993)). He was further advised that "the core judicial inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)). Plaintiff alleges that he was arguing with a female Unit Team member in an office at LCF and that other correctional officers arrived and removed him from the office. He then baldly claims that force was unnecessary. Plaintiff is required to allege facts to support his claim that the force was

6

unnecessary or facts to show that the force was applied maliciously or sadistically for the very purpose of causing harm. If plaintiff fails to allege these additional facts, then this action is subject to dismissal for failure to state sufficient facts to support his claim of excessive force.

Finally, plaintiff's responses in his form complaint regarding exhaustion of administrative remedies indicate that he failed to exhaust.[3] Under 42 U.S.C. § 1997e(a), a prisoner must fully and properly exhaust all his prison administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. *Id.* Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607

---

[3]     The Kansas Department of Corrections (KDOC) makes available to its inmates long-established grievance procedures that are published in the Kansas statutes. Furthermore, the grievance procedure regulations are "distributed or made readily available" to inmates; and each inmate upon admittance to the facility receives "an oral explanation of the grievance procedure," the opportunity to have questions about the procedure answered orally, and explanatory materials. K.A.R. 44-15-101a(a)&(b).

F.3d 1245, 1249 (10th Cir. 2010).[4]  While failure to exhaust is an affirmative defense and a plaintiff is generally not required to plead it in the complaint, when that failure appears from the face of the complaint, the court may sua sponte require plaintiff to show that he exhausted.  *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

The KDOC makes a four-step grievance procedure available to its inmates, which must begin with an attempt at informal resolution and thereafter proceed through three "levels of problem solving."  K.A.R. 44-15-101(b).  Level 1 is a grievance report form submitted to the appropriate unit team member. K.A.R. 44-15-101(d).  Level 2 is submission of the grievance report form to the warden.  Level 3 is submission of the grievance to the Secretary of Corrections.  *Id.*  K.A.R. 44-15-101b provides that:  An inmate may move to the next stage of the

---

[4]     To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.")(citing *id.*)).

grievance procedure if a timely response is not received at any step in the grievance process."

In his form complaint, plaintiff responded "yes" when asked if he sought relief from the appropriate administrative officials.  However, he also responded in the space provided for describing either how administrative relief was sought or why it was not sought, that he "never received a reply."  Plaintiff's statement that he received no reply indicates that he did not comply with the inmate grievance procedure prior to filing this action.  If plaintiff received no reply at any of the four steps in the grievance process, he could and should have gone on to the next level until all levels in the grievance process were completed.  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).  Plaintiff is given the opportunity to show that he fully and properly exhausted administrative remedies prior to filing this action.

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 4).  Having considered this motion, the court finds that it should be denied at this time.  There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).  Instead,

9

the decision whether to appoint counsel is within the court's discretion. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claims to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Considering the above factors, the Court concludes in this case that the issues are not complex and plaintiff appears capable of adequately presenting the underlying facts. This denial is without prejudice. Thus, if this case progresses past screening, and it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion. The denial of this motion is without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States Senior District Judge, why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of July, 2016.

**s/ David J. Waxse**
**David J. Waxse**
**U.S. Magistrate Judge**

11